IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. a/s/o COREY NIHART AND KATIE NIHART,<br><br>     Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.,<br><br>and<br><br>PECRON LLC,<br><br>     Defendants. | Court File No.: 21-cv-01749-KMM-TNL<br><br><br><br>**AMENDED COMPLAINT** |

Now comes Plaintiff American Family Mutual Insurance Company, S.I. as subrogee of Corey Nihart and Katie Nihart, and files this Amended Complaint against Amazon.com, Inc. and Pecron LLC, and would show the court as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter, because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1332.

2. Venue is proper in this district under 28 U.S.C. 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district that a substantial part of the property that is the subject of this action is situated in this district.

**PARTIES**

3.   Plaintiff, American Family Mutual Insurance Company, S.I., is an insurance company with its principal office located at 6000 American Parkway, Madison, Wisconsin, and is duly licensed by the state of Minnesota to sell insurance and conduct business in the State of Minnesota.

4.   At all times material hereto, Plaintiff issued a policy of insurance to Corey Nihart and Katie Nihart (hereinafter "the Niharts") which provided coverage for damage to their home located at 26834 Falk Avenue, Fairbault, Minnesota (the "Residence"), as well as other personal property owned by the Niharts.

5.   As a result of having made payments under its insurance policy, Plaintiff is contractually and/or equitably subrogated to the rights and causes of action of its insured to the extent of those payments.

6.   Upon information and belief, at all times material hereto, Defendant Amazon.com, Inc. (hereinafter "Amazon"), is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington. Its registered agent for service of process in the State of Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington.

7.   Upon information and belief, at all times material hereto, Defendant Pecron LLC (hereinafter "Pecron"), is a limited liability company with its principal place of business located at 202 N. Cedar Ave., Suite 1, Owatonna, Minnesota. Its registered agent for service of process is Minnesota Registered Agent Services LLC, located at 202 N. Cedar Ave., Suite 1, Owatonna, Minnesota.

## FACTUAL BACKGROUND

8.  On or around November 21, 2019, Corey Nihart purchased from Amazon an Aeiusny 400W Solar Generator Portable Power Station, which was manufactured by Pecron (the "Generator"). The purchase order for the product was 114-7170347-1021869.

9.  Upon information and belief, the Generator was part of Amazon's "Prime" program, as Mr. Nihart makes most of his Amazon purchases as "Prime" Purchases.

10. Amazon's "Prime" program is a fee-based subscription service that provides Amazon users with free and fast shipping on items purchased on Amazon.com.

11. Mr. Nihart located the Generator by performing a search on Amazon.com and, as such, Amazon played a direct role in the promotion and sale of the Generator.

12. In addition, Amazon received a fee from the purchase of the Generator on its website.

13. The Generator was shipped with another item, a LTGEM Case for Bose Soundlink Revolve Bluetooth Speaker, which is manufactured by a separate company than the Generator. Therefore, upon information and belief, Amazon also played a role in the fulfillment and distribution of the product.

14. On January 2, 2021, the Niharts' home was heavily damaged in a fire caused by the Generator. Indeed, the only identified source of ignition in the area of origin of the fire was the Generator.

15. Specifically, an investigation into the cause of the fire revealed that three ruptured cells within the Generator had distinctly different damage than the remaining cells within the Generator. This distinct damage is indicative of those cells experiencing a thermal runaway scenario, resulting in a fire.

3

16. Pursuant to the terms and conditions of the insurance policy referenced in paragraph 4 of this Complaint, Plaintiff was obligated to, and did in fact, pay an amount in excess of $75,000.00 to or on behalf of the Niharts for damages incurred as a result of the fire.

17. Pursuant to the terms and conditions of the insurance policy identified in paragraph 4 of this Complaint, and by virtue of its payments to the Niharts, Plaintiff is subrogated to all rights, claims, and causes of action the Niharts may have against Amazon and Pecron in connection with the fire.

### COUNT I – STRICT LIABILITY AGAINST AMAZON

18. Plaintiff incorporates by reference the preceding paragraphs as though set forth herein in their entirety.

19. At all times material, Amazon was in the business of promoting, selling and distributing products, including products like the Generator that caused the fire at the Nihart Residence.

20. Amazon expected the Generator to, and it did, reach the Niharts without substantial change in the condition in which it was sold.

21. The Generator failed and caused property damage because it was defectively designed or manufactured.

22. The Generator was in a defective condition when it left the control of Amazon and Amazon is strictly liable for damages caused by the defective Generator as a commercial seller of the product and/or because the manufacturer either no longer exists, cannot be subject to the jurisdiction of the courts of Minnesota, is not amenable to service of process, is unable to satisfy any judgment rendered by this court, and is unable to satisfy a reasonable settlement or other agreement with the Plaintiff.  Minn. Stat. § 544.41.

23. The Generator was unreasonably dangerous to the real and personal property owned by the Niharts.

24. The defective condition of the Generator was the direct and proximate cause of the fire and resulting damages.

25. Amazon is liable for the damages caused by the Generator pursuant to Minn. Stat. § 544.41.

## COUNT II – STRICT LIABILITY AGAINST PECRON

26. Plaintiff incorporates by reference the preceding paragraphs as though set forth herein in their entirety.

27. At all times material, Pecron was in the business of promoting, selling, packaging and distributing products, including products like the Generator that caused the fire at the Nihart Residence.

28. Pecron expected the Generator to, and it did, reach the Niharts without substantial change in the condition in which it was sold.

29. The Generator failed and caused property damage because it was defectively designed or manufactured.

30. The Generator was unreasonably dangerous to the real and personal property owned by the Niharts.

31. The defective condition of the Generator was the direct and proximate cause of the fire and resulting damages.

32. Pecron is liable for the damages caused by the Generator.

## COUNT III – NEGLIGENCE AGAINST PECRON

33. Plaintiff incorporates by reference the preceding paragraphs as though set forth herein in their entirety.

34. Pecron owed a duty to the Niharts to use reasonable care in the design, manufacture, packaging, sale and delivery of the Generator.

35. Pecron breached its duty to the Niharts by, among other things, defectively designing and manufacturing the product in a manner that ultimately led to the product causing a fire at the home of the Niharts, and, more specifically, by failing to properly equip the product with charge and discharge monitoring.

36. Pecron's breach of its duty was the cause of the fire and all resulting damages, including the damages paid for by the Plaintiff.

### PRAYER FOR RELIEF

For these reasons, Plaintiff American Family Mutual Insurance Company, S.I. a/s/o Corey Nihart and Katie Nihart demands judgment against the Defendants Amazon.com, Inc. and Pecron LLC as follows:

a.      Plaintiff's actual damages resulting from Amazon's strict liability;

b.      Plaintiff's actual damages resulting from Pecron's strict liability and/or negligence;

c.      Prejudgment and post judgment interest;

d.      Costs of suit; and

e.      All other relief the Court deems appropriate.

Plaintiff American Family Mutual Insurance Company, S.I. a/s/o Corey Nihart and Katie Nihart requests a trial by jury.

6

Dated: March  8, 2022                          YOST & BAILL, LLP


                                               By____/s/ David J. Yarosh_____
                                               David J. Yarosh (#184123)
                                               2050 U.S. Bank Plaza South
                                               220 South Sixth Street
                                               Minneapolis, MN  55402
                                               612.338.6000 – telephone
                                               612.344.1689 – facsimile
                                               dyarosh@yostbaill.com


                                               By____/s/ Teirney S. Christenson____
                                               Teirney S. Christenson (#1056438)
                                               2675 North Mayfair Road, Suite 600
                                               Milwaukee, WI  53226
                                               414.203.2054 – telephone
                                               414.203.0610 – facsimile
                                               tchristenson@yostbaill.com

                                               *ATTORNEYS FOR PLAINTIFF*