## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. a/s/o COREY NIHART AND KATIE NIHART, | Court File No.: 21-cv-01749-KMM-TNL |
| Plaintiff, | |
| vs. | **DEFENDANT PECRON LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS** |
| AMAZON.COM, INC., | |
| and | |
| PECRON LLC, | |
| Defendants. | |

## <u>INTRODUCTION</u>

Pecron LLC, which American Family Mutual Insurance Company, S.I.

("American Family") made a Defendant in this action after Amazon.com, Inc.

("Amazon") asserted it was the manufacturer of the generator at issue—an Aeiusny

400W Solar Generator Portable Power Station—is not a manufacturer at all. (Mar. 3,

2023 Shi Decl. ¶ 3.) Amazon made its false certification of Pecron LLC as manufacturer

to extricate itself from this litigation under the Minnesota Seller's Exception Statute

(MINN. STAT. § 544.41) (and, as explained below, make indemnification demands against

Pecron LLC here and in numerous other lawsuits). Amazon was told by Aeiusny, who

Amazon was threatening to draw into this litigation (the generator at issue, after all, is an

Aeiusny 400W Solar Generator Portable Power Station), that "AEISUNY's [*sic*] product

is supplied and manufactured by Pecron LLC, which is an MN company." (Mar. 20, 2023 Crowder Decl. Ex. A, Dkt. No. 72-1, at 2.)

This self-serving misstatement by an interested party, and Amazon's blind reliance on it, led Amazon to falsely certify, on the asserted basis of "present information and belief," that Pecron LLC manufactured the Aeiusny 400W Solar Generator Portable Power Station at issue in this case. (Feb. 28, 2022 Cert. of Mfg., Dkt. 29, at 1.) Beyond this mere assertion by potential-defendant Aeiusny, Amazon had no basis for asserting that Pecron, LLC is a manufacturer of anything, much less of the Aeiusny generator at issue in this case. Moreover, even at that time, Amazon was in possession of information to the contrary—as the agreements Aeiusny provided, which Aeiusny claimed related to the manufacturing of the generator—*fail to even mention Pecron LLC*. Yet Amazon did not question Aeiusny regarding the documents or its representations. Amazon never conducted any inquiry at all. Instead, in lieu of an investigation, Amazon exhibited and continues to exhibit nothing but confirmation bias. *See King v. Whitmer*, 556 F. Supp. 3d 680, 728 (E.D. Mich. 2021) (concluding that "by failing to take the basic pre-filing steps that any reasonable attorney would have taken and by flouting well-established pleading standards—all while knowing the risk associated with failing to remain professionally skeptical, Plaintiffs' counsel did everything in their power to ensure that their bias . . . was confirmed. Confirmation bias notwithstanding, Plaintiffs' counsel advanced this lawsuit for an improper purpose and will be held to account for their actions.").

Attempting to cobble together some reason to force Pecron LLC into this litigation to displace Amazon, Amazon and American Family have taken such unreasonable

positions as claiming that the word "Pecron" alone, or Pecron branding, which Amazon claimed to locate on a component of an "exemplar" Aeiusny 400W Solar Generator Portable Power Station—without any explanation of how this would support a claim that any member of the Pecron family, much less non-manufacturer Pecron, LLC, actually *manufactured* the Aeiusny 400W Solar Generator Portable Power Station—somehow permitted Amazon to certify and to continue naming (and American Family to sue and maintain an action against) Pecron, LLC as the purported manufacturer of this Aeiusny generator.

These actions do not meet Rule 11's standard. Pecron LLC has taken numerous steps to confer with Amazon and its counsel, giving them ample opportunity to either withdraw the baseless certification and subsequent statements that Pecron LLC manufactured the Aeiusny generator or else affirm that they can no longer maintain their prior assertions. Pecron LLC did this in the hope of avoiding further motion practice. In the face of these conferral efforts, however, Amazon and its counsel have not only refused to take the requested actions, but they have continued to make these allegations in their recent filings. Accordingly, Pecron LLC now respectfully seeks relief from the Court under Rule 11 as set forth below.

## FACTS

I.  **August 2, 2021: American Family sues Amazon, naming the company Aeiusny as the manufacturer of the "Aeiusny 400W Solar Generator Portable Power Station."**

On August 2, 2021, American Family filed this action against Amazon. In the Complaint, American Family made no mention of Pecron LLC or any Pecron affiliate. Instead, American Family alleged that the company Aeiusny is "the manufacturer of the Generator." (Compl., Dkt. No. 1, ¶ 13.) Though American Family stated "on information and belief" that Aeiusny "and any other entities in the chain of distribution for the Generator are Chinese companies not subject to jurisdiction in the State of Minnesota," (*id.*), American Family did not assert that its allegation that Aeiusny is "the manufacturer of the Generator" was made on information and belief, meaning that American Family was representing it had investigated and concluded Aeiusny is the manufacturer.

II.  **January 19, 2022: Aeiusny claims Pecron LLC was the manufacturer of AEISUNY's [*sic*] product, and Amazon accepts this representation without investigation.**

On January 19, 2022, counsel for Amazon and counsel for Aeiusny participated in a telephone call. (*See* Mar. 20, 2023 Crowder Decl. Ex. A, Dkt. No. 72-1, at 2.) Presumably, the call occurred prior to Amazon certifying Aeiusny as manufacturer of the Aeiusny generator, which would have caused American Family to attempt to sue Aeiusny and would have permitted Amazon to be dismissed from the litigation (provided Aeiusny could be joined). *See* MINN. STAT. § 544.41, subds. 1, 2 ("In any product liability action based in whole or in part on strict liability in tort commenced or maintained against a defendant other than the manufacturer, that party shall upon answering or otherwise

4

pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. . . . Once the plaintiff has filed a complaint against a manufacturer . . . the court shall order the dismissal of a strict liability in tort claim against the certifying defendant, provided the certifying defendant is not within the categories set forth in subdivision 3. Due diligence shall be exercised by the certifying defendant in providing the plaintiff with the correct identity of the manufacturer and due diligence shall be exercised by the plaintiff in filing a law suit and obtaining jurisdiction over the manufacturer.").

Following the January 19, 2022 call, Aeiusny's counsel wrote to Amazon's counsel, in pertinent part:

> It was nice talking to you today. AEISUNY's [*sic*] product is supplied and manufactured by Pecron LLC, which is an MN company. It has an Amazon seller account as well. . . . And it has its independent website as well. . . . Below and attached are purchase agreements between Aeiusny and Pecron. You might need a Chinese translator to translate the documents. But I am sure these documents will greatly help with Amazon's defense in MN.

(Mar. 20, 2023 Crowder Decl. Ex. A, Dkt. No. 72-1, at 2.) Mr. Mu, Aeiusny's counsel who was the author of this email, is not a member of the Minnesota bar.

The "purchase agreements" attached to the January 19, 2022 email from Aeiusny's counsel, when translated, do not mention Pecron LLC. They only make reference to two Chinese companies: "Shenzhen Pecron Technology Co., Ltd." and "Shenzhen Enyuda Technology Co., Ltd." (*Id.* Ex. B, Dkt. No. 72-2, at 2–6.)

**III.    February 28, 2022: Amazon files an unsworn "Certification of Product Manufacturer," claiming, on the basis of "present information and belief," that Pecron LLC manufactured the Aeiusny generator.**

On February 28, 2022, Amazon filed a defective "Certification of Product Manufacturer," in which Amazon purported to identify Pecron LLC as the manufacturer of the Aeiusny generator. (Cert. of Mfg., Dkt. No. 29.) The certification was defective, among other reasons, because it was not under oath, as Minnesota law specifically requires it to be. *See* MINN. STAT. § 544.41, subd. 1 ("In any product liability action based in whole or in part on strict liability in tort commenced or maintained against a defendant other than the manufacturer, that party shall upon answering or otherwise pleading *file an affidavit* certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage.") (emphasis added). Specifically, Amazon stated:

> Under Minn. Stat. § 544.41, subd. 1, and based upon present information and belief, Amazon hereby certifies, in accordance with the Declaration of Andrew Crowder attached as **Exhibit 1**, that the manufacturer of the product referenced in American Family's Complaint—an Aeiusny 400W Solar Generator Portable Power Station—is Pecron LLC. Pecron LLC is a limited liability company incorporated in the State of Minnesota, on November 13, 2019[.]

(Cert. of Mfg., Dkt. No. 29, at 1 (emphasis in original).)

Moreover, although this Certification was accompanied by a Declaration from Amazon's counsel, Amazon's counsel similarly did not sign the Declaration under penalty of perjury—meaning the "Declaration" is not a declaration at all, *see* 28 U.S.C. § 1746 (requiring that declaration be "subscribed" by declarant "as true under penalty of perjury"), nor could it constitute the "affidavit" required by MINN. STAT. § 544.41, subd. 1. (Feb. 28, 2022 Crowder Decl., Dkt. No. 29-1.) It is notable that, aside from this

6

"Declaration," Amazon's counsel consistently signs declarations it submits to the Court under penalty of perjury. (*See, e.g.*, Mar. 20, 2023 Crowder Decl., Dkt. No. 72.) Moreover, this February 28, 2022 Declaration, like the Certification, merely stated that "[u]pon present information and belief, the manufacturer of that Portable Power Station is Pecron LLC." (Feb. 28, 2022 Crowder Decl., Dkt. No. 29-1, ¶ 5.)

**IV.   March 8, 2022: Inconsistent with the allegations of the original Complaint, and without qualifying the allegation as made on information and belief, American Family shifts to asserting that Pecron LLC—not Aeiusny—manufactured the Aeiusny generator.**

After Amazon filed its deficient Certification, American Family amended its Complaint to add claims against Pecron LLC. Contradicting the allegations of the Complaint, American Family asserted definitively in its Amended Complaint: "On or around November 21, 2019, Corey Nihart purchased from Amazon an Aeiusny 400W Solar Generator Portable Power Station, which was manufactured by Pecron." (Mar. 8, 2022 Am. Compl., Dkt. No. 30, ¶ 8.)

**V.   March 16, 2022: In answering the Amended Complaint, Amazon continues to assert that its allegation that Pecron LLC manufactured the Aeiusny generator is "on information and belief."**

When Amazon answered American Family's Amended Complaint, Amazon responded to American Family's allegation (which was based on Amazon's Certification) that the Aeiusny generator at issue "was manufactured by Pecron" by qualifying its answer: "[U]pon information and belief, the manufacturer of that Generator was Pecron LLC." (Mar. 16, 2022 Answer, Dkt. 32, ¶ 8.)

**VI.    May 10, 2022: Amazon moves for judgment on the pleadings, claiming it had "certified the correct identity of the manufacturer of the product.**

On May 10, 2022, Amazon moved for judgment on the pleadings pursuant to MINN. STAT. § 544.41, asserting: "(1) Amazon has certified the correct identity of the manufacturer of the product at issue (Defendant Pecron LLC ('Pecron')); (2) Plaintiff has filed claims against and served Pecron; and (3) the deadline for Pecron's responsive pleading has passed." (May 10, 2022 Mem. in Supp. of Mot. for J. on Pleadings, Dkt. No. 45, at 1.) Amazon asserted, as a purported fact: "The generator, an Aeiusny 400W Solar Generator Portable Power Station, was manufactured by Pecron and sold on www.amazon.com by third-party seller Aeiusny." (*Id.* at 1–2.) Notably, Amazon provided no citation or support for this factual assertion. This Is particularly significant given that Amazon had previously made this representation on mere "present information and belief." (*See* Feb. 28, 2022 Cert. of Mfg., Dkt. No. 29, at 1; Feb. 28, 2022 Crowder Decl., Dkt. No. 29-1, ¶ 5.) Amazon was unable to cite to anything that supported it maintaining what it had previously asserted "[u]pon present information and belief," (*id.*), much less that would permit Amazon to convert "information and belief" into asserted fact.

On June 27, 2022, Amazon withdraw this Motion for Judgment on the Pleadings. (June 27, 2022 Not. of Withdr. of Mot., Dkt. No. 50.)

**VII.   June 28, 2022: One day after Amazon withdrew its motion for judgment on the pleadings, Amazon concedes in a different litigation that it lacks information sufficient to admit or deny what relationship, if any, exists between Aeiusny and Pecron LLC.**

In a Complaint filed against Amazon by Travelers Property Casualty Company of America ("Travelers") in *Travelers Property Casualty Company of America a/s/o*

8

*Overwatch Imaging, LLC v. Amazon.com, Inc. and Aeiusny/Shenzhen Enyuda Technology*

*Co. Ltd., a/k/a Pecron, LLC*, No. 22-cv-00695 (D. Or.), a case that involves allegations of

a negligently manufactured Aeiusny portable charger, Travelers alleged:

> Aeiusny is a defunct Chinese manufacturer, upon information and belief
> which sometimes using [*sic*] the tradename Pecron, LLC with a registered
> agent for service of process as: Agent Services LLC, located at 202 N. Cedar
> Ave., Suite 1, Owatonna, Minnesota.

(May 12, 2022 Compl., No. 22-cv-00695 Dkt. 1, ¶ 6.) Amazon answered this allegation

as follows:

> Amazon lacks knowledge or information sufficient to form a belief as to the
> truth of the allegations in Paragraph 6, and therefore denies them.

(June 28, 2022 Answer, No. 22-cv-00695 Dkt. 10, ¶ 6.)

## VIII.   July 29, 2022: After Pecron questions Amazon's Certification, Amazon's counsel confirms it had no basis for representing that Pecron LLC manufactured the Aeiusny generator.

On July 28, 2022, in response to Pecron LLC's inquiry to American Family

regarding Pecron LLC's inclusion in the lawsuit, counsel for American Family

responded:

> First, while I appreciate you are taking the position the generator was not
> manufactured by Pecron, Amazon certified Pecron as the manufacturer of the
> product and we are relying on that certification at the moment and believe
> we are entitled to do so.  I would like to ask that Amazon please provide
> whatever documentation it has showing that Pecron was the manufacturer of
> the Power Generator at issue in this case so that we can review it.

(May 12, 2023 Ellingson Decl. Ex. 1.) In response, on July 29, 2022, Amazon's

counsel—Ms. Ambrose—stated:

> The seller -- Aeiusny Shenzhen Enyuda Technology Co., Ltd -- identified
> Pecron, LLC as the manufacturer of the product at issue in this lawsuit.

> Aeiusny was (at least as of early 2022) represented by Sam (Shengmao) Mu (mousamuel@whitewoodlaw.com), and Sam is the individual who provided us with the Pecron, LLC name, as well as the attached set of documents, which Sam represented to us to be the relevant purchasing agreements between Aeiusny and Pecron. If Pecron has a basis to dispute these documents, please let us know.

(Mar. 24, 2023 Crowder Decl. Ex. 6, Dkt. No. 77-6, at 11.) Ms. Ambrose did not provide

Mr. Mu's email representation, but she did forward the documents, which were in

Chinese. When asked by Pecron LLC's counsel and American Family's counsel if she

had a translated copy or whether Amazon was only "relying on representations about the

contents of the [purchase order] from Aeiusny" (*id.* at 10), Ms. Ambrose did not respond

further (*id.*). Amazon only produced the documents that it had translated after this email

exchange—on August 5, 2023—five months later in its January 4, 2023 discovery

production. (May 12, 2023 Ellingson Decl. Ex. 2 at AMZ-PECRON_00000219–227.)

Amazon's counsel—Mr. Crowder—would later claim this email by Ms. Ambrose

was somehow not authorized or was inaccurate. Mr. Crowder was copied on Ms.

Ambrose's email, however, and he never attempted to correct it or claim it was

unauthorized or in any way inaccurate until nearly a year later, on March 24, 2023, when

Amazon and American Family were jointly seeking Amazon's dismissal without

acknowledging that the Certification lacked a basis. (Mar. 24, 2023 Crowder Decl. Ex. 1,

Dkt. No. 77-1, at 2.)

**IX.    January 3, 2023: In responding to interrogatories propounded by Pecron LLC, Amazon confirms its lack of basis for representing that Pecron LLC manufactured the Aeiusny generator.**

In response to an interrogatory from Pecron LLC that required Amazon to "[s]tate the basis for [its] assertion that Pecron is the manufacturer or distributor of the Generator," Amazon answered:

> Purchase contracts between Shenzhen Enyuda Technology Co., Ltd. (Aeiusny) and Shenzhen Pecron Technology Co., Ltd. (Pecron) and inspection photographs [*sic*] of an exemplar Aeiusny 400W Solar Generator Portable Power Station. Amazon notes that discovery is ongoing and reserves the right to supplement this response to include additional information.

(Mar. 24, 2023 Crowder Decl. Ex. 2, Dkt. No. 77-2, at Def. Ans. to Interr. No. 2.)

Amazon acknowledged that the "[p]urchase contracts" were between two other—Chinese—companies *and not Pecron LLC*, and Amazon failed to explain how these contracts or the "exemplar Aeiusny 400W Solar Generator Portable Power Station"[1] would provide any basis for the assertion that Pecron LLC (or any company, for that matter) was the manufacturer of the Aeiusny generator at issue—particularly given that even the documents provided by Aeiusny demonstrate Pecron LLC has an Amazon

---

[1]    Amazon similarly failed to explain where the purported "exemplar" originated, nor did it disclose any other facts about the "exemplar" or its relationship (or lack thereof) to the Aeiusny generator that is actually at issue in this case, in either its correspondence or its interrogatory answers (and Amazon refused to appear for a deposition where such questions could have been posed). Amazon claims only that its counsel "gathered inspection photographs of an exemplar Aeiusny 400W Solar Generator Portable Power Station." (*Id.* at Def. Ans. to Interr. No. 1). The exemplar in American Family's expert report is branded solely as an Aeiusny product and bears no resemblance, in form or branding, to the Pecron generators sold by Pecron LLC. (*Compare* Apr. 21, 2023 Crowder Decl., Dkt. No. 85, ¶¶ 5–6 *with* May 12, 2023 Ellingson Decl. Ex. 4.)

storefront where it sells only Pecron-branded products and not any Aeiusny products.

(May 12, 2023 Ellingson Decl. Ex. 3.)

## X.     January 6, 2023: American Family confirms it is relying on Amazon's Certification as its basis for maintaining that Pecron LLC manufactured the Aeiusny generator.

When Pecron LLC asked, by way of an interrogatory, that American Family

"[s]tate the basis for [its] assertion that Pecron is the manufacturer and/or distributor of

the Generator," American Family answered:

> Please see Amazon's Motion to Certify [*sic*] and additional documentation
> provided by Amazon. See also Amazon's responses to discovery in this
> matter. American Family is relying upon information provided by Amazon.

(May 12, 2023 Ellingson Decl. Ex. 5 at Ans. to Interr. No. 3.)

## XI.    January 2023: Amazon and American Family claim to have settled American Family's claims against Amazon and subsequently move jointly for Amazon's dismissal.

According to Amazon and American Family, on an undisclosed date in January

2023, American Family "reached a final and complete settlement" of its claims against

Amazon. (Mar. 24, 2023 Mem. of Law in Supp. of Joint Mot. to Dismiss, Dkt. No. 76, at

7.) Amazon and American Family did not inform Pecron LLC of this settlement until at

least two weeks later, on February 13, 2023. (*Id.*) When Pecron LLC requested an

opportunity to review a copy of the settlement agreement, both Amazon and American

Family refused to allow Pecron LLC to see it.

Amazon and American Family then demanded that Pecron LLC stipulate to

Amazon's dismissal from the action, without Amazon first correcting or removing from

the public domain the false statements it had made about Pecron LLC. (*See* Joint Mot. to

Dismiss, Dkt. No. 74.) While the parties were conferring regarding Amazon's

Certification and its dismissal, Amazon and American Family filed their Joint Motion to

Dismiss. Compounding the harm to Pecron, and exacerbating the Rule 11 issues, in their

Memorandum of Law in Support of their Joint Motion to Dismiss, Amazon and American

Family argued the Certification (which by that time Amazon had withdrawn, as explained

below) had had a basis rather than arguing the motion itself and, in doing so, dropped the

"[u]pon present information and belief" qualifier in describing Amazon's certification:

"First came Amazon's certification of Pecron as the manufacturer of the product involved

in this lawsuit, over a year ago, in February 2022." (Mar. 24, 2023 Mem., Dkt. No. 76, at

2.) Amazon's refusal to acknowledge that its Certification was not definitive—and was

only "[u]pon present information and belief"— demonstrates Amazon's awareness of the

factual and legal deficiency of the Certification.

**XII.   February 14, 2023: Amazon's counsel sends Pecron LLC's counsel an indemnification demand regarding five lawsuits, predicated on Amazon's contention that Pecron LLC manufactured the "defective Aeisuny [*sic*] portable battery generator."**

On February 14, 2023, counsel for Amazon sent an indemnification demand to

Pecron LLC's counsel regarding the following cases, all of which involve "fires allegedly

caused by an Aeisuny [*sic*] portable battery generator":

- *Ohio Sec. Ins. Co. v. Amazon.com, Inc.*, No. 3:22-cv-00643-JR (D. Or. May 3, 2022);

- *Travelers Prop. Cas. Co. of Am. a/s/o Overwatch Imaging, LLC v. Amazon.com, Inc. and Aeiusny/Shenzhen Enuyda Tech. Co. Ltd., a/k/a Pecron, LLC*, No. 3:22-cv-00695-JR (D. Or. May 12, 2022);

13

- *Or. Mut. Ins. Co. as subrogee of Kobe Hibachi Hood River v. Amazon.com, Inc.*, No. 3:22-cv-00707-JR (D. Or. May 13, 2022);

- *Danine Diew, individually, and Jordyn Denise Diew, a minor, by and through her guardian ad litem, Danine Diew vs. Amazon.com Services, LLC, a corporation, and DOES 1 through 100, inclusive*, No. RG0085188 (Cal. Sup. Ct. Dec. 29, 2020);

- *State Farm Gen. Ins. Co. v Amazon.com, Inc., AEIUSNY, and Does 1-40 Inclusive*, No. C21-00089 (Cal. Sup. Ct. Jan. 19, 2021).

(May 12, 2023 Ellingson Decl. Ex. 6 at 1.) In explaining Amazon's indemnification

demand, Amazon's counsel wrote:

> Plaintiffs all allege that they or their insureds sustained property damage due to a defective Aeisuny [*sic*] portable battery generator purchased from a third-party seller, Shenzhen Enyuda Technology Co., Ltd. (Aeiusny), through Amazon.com.

> Amazon did not design, manufacture, sell, or distribute the product. Its liability, if any, is completely derivative. Therefore, as the manufacturer of the product, Pecron is obligated to indemnify Amazon.

(*Id.* at 2.)

## XIII.   March 2, 2023: Discovery closes with neither Amazon nor American Family having taken any substantive discovery from Pecron LLC or having taken any discovery regarding the product manufacturer.

Amazon and American Family had ample opportunity to take discovery from

Pecron LLC in this action. To the extent Amazon or American Family had any intention

of either confirming or learning of the falsity of the allegations Amazon had made "on

present information and belief" in the Certification, the tools of discovery would have

availed them. Tellingly, neither Amazon nor American Family took any substantive

discovery from Pecron LLC. The only discovery requested of Pecron LLC was American

Family's "jurisdictional discovery" requests regarding the citizenship of Pecron LLC's

members. Discovery closed on March 2, 2023. (Nov. 17, 2022 Order, Dkt. No. 69, § 1.) Additionally, Pecron LLC understands that neither Amazon nor American Family engaged in discovery with each other or any third-parties. (May 12, 2023 Ellingson Decl. Ex. 7 at 1.)

## XIV.    March 3, 2023: Pecron LLC provides Amazon and American Family under-oath testimony confirming the falsity of Amazon's Certification.

On March 3, 2023, when it was apparent that neither Amazon nor American Family were willing to inquire into the validity (or lack thereof) of the allegations Amazon made against Pecron LLC "[u]pon present information and belief," Pecron provided declaration testimony establishing that Amazon's Certification was false. In this Declaration, Pecron LLC's sole member Weixin Shi attested: "Pecron LLC is not a manufacturer of goods, and it did not have any role in manufacturing the generator that was alleged to have caused the fire in this litigation." (Mar. 3, 2023 Shi Decl. ¶ 3.) Shi also attested: "In addition to not manufacturing products, Pecron LLC does not distribute, sell, or play any role in transmitting products that are branded or sold by other retailers, including Aeiusny. The products that Pecron LLC distributes are all branded with a Pecron logo, which can be seen on all of the products in the Pecron LLC store on Amazon.com (available at https://www.amazon.com/stores/pecron/page/42D90672-3980-48FC-9936-A18A32799B21?ref_=ast_bin)." (*Id.* ¶ 4.)

## XV.    March 6 and 28, 2023: Pecron LLC serves, but does not file, a Motion and Amended Motion for Rule 11 Sanctions against Amazon.

On March 6, 2023, Pecron LLC served a Motion for Rule 11 Sanctions on Amazon. On March 28, 2023, Pecron LLC served an Amended Motion for Rule 11

Sanctions on Amazon, which included additional items that arose after the original

Motion was served. The issues addressed by the Amended Motion are described in this

Memorandum of Law and accompanying Amended Motion.

**XVI.  March 20, 2023: Amazon purports to withdraw its Certification, yet it continues to assert it had a basis for making the false certification.**

       After Pecron LLC served Amazon with its March 6, 2023 Motion for Rule 11

Sanctions, which was based in large part on the false Certification Amazon had filed,

Amazon filed a "Notice of Withdrawal of Certification," in which Amazon stated that it

withdrew the February 28, 2022 Certification. (Mar. 20, 2023 Not. of Withdr., Dkt. No.

71, at 5.) Yet, in this very Notice of Withdrawal, Amazon continued to assert: "Given the

representations by Aeiusny's counsel; the documentation of Aeiusny's contractual

relationship with Shenzhen Pecron with references to Pecron LLC; and the exemplar

generator's 'Pecron' branding, Amazon certified in good faith that Pecron LLC was the

manufacturer of the product at issue in this litigation." (*Id.* at 4–5.) By making this

argument, Amazon continued to maintain the same baseless position, and inflict the same

damage on Pecron LLC, that the original Certification had caused, except in a form that

cannot be challenged on the record. Indeed, Amazon's counsel did not, after purporting to

withdraw the false Certification, also contact Pecron's counsel to withdraw the numerous

indemnification demands Amazon (through its counsel—the same counsel in each of

these actions) had made on the basis of the false Certification.

Consequently, Amazon's Notice of Withdrawal only contributed further to Amazon's violation of Rule 11—and Pecron LLC included this additional violation in its Amended Motion for Rule 11 Sanctions against Amazon.

## **ARGUMENT**

Rule 11 of the Federal Rule of Civil Procedure provides that "every pleading, written motion, and other paper must be signed by at least one attorney of record." FED. R. CIV. P. 11(a). By presenting a signed pleading to the Court, the signing attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b).

Although the adversarial system of justice requires that "attorneys zealously represent their clients," "tactics that are unjustifiable" will not be tolerated. *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 626–27 (8th Cir. 2003). Whether an attorney fails to balance these competing interests properly is governed by an "'objective reasonableness' standard." *Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir. 1993). "To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the . . . allegations, as well as a legal basis." *Id.* at 939.

Here, in three distinct ways, Amazon violated Rule 11. *First*, without conducting an inquiry reasonable under the circumstances, Amazon filed with the Court a

document—the Certification—containing factual contentions that lack evidentiary support. *Second*, despite asserting "[u]pon present information and belief" that "the manufacturer of the product referenced in American Family's Complaint—an Aeiusny 400W Solar Generator Portable Power Station—is Pecron LLC," (Feb. 28, 2022 Cert. of Mfg., Dkt. No. 29, at 1), Amazon failed to take any discovery or otherwise investigate the accuracy (or lack thereof) of this contention. Amazon then not only persisted in asserting that the contention had a basis, but it went further—restating the allegation without asserting it was on information and belief in its Motion to Dismiss—even after Pecron LLC produced evidence—to supplement the evidence Amazon already possessed—that it was false. *Third*, in purporting to withdraw the false certification, Amazon restated its content—presumably to permit Amazon to continue to argue, in other jurisdictions, that it has some basis for asserting that Pecron LLC manufactured or manufactures Aeiusny products that have combusted (and then to demand indemnification from Pecron LLC).

I.   **Amazon violated Rule 11 by representing to the Court that Pecron LLC manufactured the Aeiusny generator without first conducting an inquiry reasonable under the circumstances.**

"To constitute a reasonable inquiry" for purposes of Rule 11, "the prefiling investigation must uncover a factual basis for the . . . allegations, as well as a legal basis." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (internal quotation marks and citation omitted). "Whether the attorney's inquiry is reasonable may depend on factors such as whether counsel had to rely on a client for factual information, or whether the attorney depended on forwarding counsel or another member of the bar." *Id.* (internal quotation marks and citation omitted).

18

An attorney has a "personal, nondelegable responsibility" to "validate the truth and legal reasonableness of the papers filed" with the Court. *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989). An attorney, therefore, cannot avoid responsibility for a Rule 11 violation by claiming that, in a filing submitted to the Court, he or she merely repeated the contentions of another attorney or law firm. *See, e.g.*, *Bradshaw v. City of Los Angeles*, No. 2:19-cv-06661-VAP-JCx, 2022 U.S. Dist. LEXIS 235282, at *13 (C.D. Cal. Sept. 28, 2022) (concluding that "a reasonable attorney would have investigated further before relying on a conclusory statement from opposing counsel"); *Geinko v. Padda*, No. 00 C 5070, 2002 U.S. Dist. LEXIS 3316, at *21 (N.D. Ill. Feb. 27, 2002) (concluding that pleading did not satisfy requirements of Rule 11; explaining that "[t]he pervasive defect in the Amended Complaint . . . is that it does not make clear what Plaintiffs directly allege as fact, and what Plaintiffs merely are asserting that someone else has alleged").

### A.      The circumstances do not excuse Amazon's lack of diligence.

Here, Amazon waited nearly seven months after American Family made Amazon a defendant in this action to file its Certification. Amazon, therefore, had ample time to investigate the facts underlying this Certification. Moreover, Amazon was under a specific obligation, imposed by Minnesota law, to exercise due diligence in ensuring it correctly identified the manufacturer of the Aeiusny generator: "Due diligence shall be exercised by the certifying defendant in providing the plaintiff with the correct identity of the manufacturer." MINN. STAT. § 544.41, subd. 2. This comports with the principle that Rule 11 sanctions are particularly appropriate where a party fails to adequately

investigate whether a factual and legal basis exists for drawing a particular defendant into litigation. *See, e.g.*, *Chandler v. Norwest Bank Minn., N.A.*, 137 F.3d 1053, 1057 (8th Cir. 1998) (affirming district court's imposition of sanctions against plaintiffs' counsel where they could not have conducted a reasonable inquiry necessary to support plaintiffs' claim against a bank, because plaintiffs were unable to produce any evidence the bank was involved in the loan transaction that was the subject of their claims); *Franklin v. Pinnacle Entm't, Inc.*, 289 F.R.D. 278, 289 (E.D. Mo. 2012) (imposing Rule 11 sanctions on counsel for failing to conduct an adequate prefiling investigation "where he joined two persons as plaintiffs" in an employment action "who never worked for" defendant company); *Temple v. WISAP USA in Texas*, 152 F.R.D. 591, 600 (D. Neb. 1993) (ordering plaintiff's counsel to pay $15,000 to the aggrieved defendant for failing to make an adequate prefiling investigation into the proper name or corporate status of defendant prior to filing an amended complaint against the wrong corporation).

Though Amazon had both time and a specific statutory obligation to *accurately* identify the manufacturer of the Aeiusny generator, Amazon failed to conduct a reasonable inquiry. In lieu of an inquiry, Amazon simply accepted the self-serving, conclusory assertion of Aeiusny's counsel that "AEISUNY's [*sic*] product is supplied and manufactured by Pecron LLC." (Mar. 20, 2023 Crowder Decl. Ex. A, Dkt. No. 72-1, at 2.) Not only did Amazon's counsel shirk its Rule 11 obligation to conduct an independent inquiry before repeating this purported fact in a filing to the Court, but it was also objectively unreasonable of Amazon to assume that Aeiusny's counsel, who had an interest in avoiding having Amazon identify Aeiusny as the manufacturer of the

20

generator, was not merely advocating for his client in contending Pecron LLC "supplied and manufactured" what Aeiusny's counsel described imprecisely as "AEISUNY's [*sic*] product."

Additionally, along with this email, Aeiusny's counsel sent Amazon's counsel documents in Chinese that actually demonstrated Pecron LLC is not in contractual privity with Aeiusny *at all*. These "purchase agreements" that Aeiusny's counsel emailed to Amazon's counsel, and on which Aeiusny invited Amazon to rely, are between two Chinese entities: "Shenzhen Pecron Technology Co., Ltd." and "Shenzhen Enyuda Technology Co., Ltd" (*id.* Ex. B, Dkt. No. 72-2, at 2–6) and all but one of the documents predate Pecron LLC's existence, as acknowledged by Amazon's own Certification. (*See* Cert. of Mfg., Dkt. No. 29, at 1 ("Pecron LLC is a limited liability company incorporated in the State of Minnesota, on November 13, 2019[.]").) Pecron LLC is not a party to, nor mentioned in, these "purchase agreements" furnished by Aeiusny's counsel. Had Amazon reviewed these documents before filing its Certification, therefore, the falsity of the Certification would have been apparent. Amazon's failure to investigate the very documents provided by Aeiusny, the contents of which Aeiusny's counsel skewed in describing them to Amazon's counsel, was objectively unreasonable and a violation of Rule 11. *See Temple*, 152 F.R.D. at 601–02 (concluding that "from an objective point of view, the fact that Olympus Corporation, a *New York Corporation*, might in some unknown way be related to Olympus Corporation of America, a *Delaware Corporation*, did not justify [attorney's] treating the two corporations as though they were one. . . . [Attorney] violated Rule 11 when he filed the amended complaint because he sued the

wrong corporation as a result of his failure to make any prefiling investigation of the corporate status of the defendant, despite having information that should have alerted him to the need for such an investigation.") (emphasis in original).

**B.    By its Answer in a separate litigation, Amazon conceded it lacked a Rule 11 basis to represent to this Court that Pecron LLC—as opposed to Aeiusny—manufactured the Aeiusny generator.**

One particularly cogent proof of Amazon's Rule 11 violation is Amazon's Answer in *Travelers Property Casualty Company of America a/s/o Overwatch Imaging, LLC v. Amazon.com, Inc. and Aeiusny/Shenzhen Enyuda Technology Co. Ltd., a/k/a Pecron, LLC*, No. 22-cv-00695 (D. Or.). (May 12, 2022 Compl., No. 22-cv-00695 Dkt. 1, ¶ 6; June 28, 2022 Answer, No. 22-cv-00695 Dkt. 10, ¶ 6.)

In this Answer, filed June 28, 2022—five months after Amazon filed its Certification in this action—Amazon conceded in the separate *Travelers* litigation that it lacked sufficient "knowledge or information" even to admit or deny whether Aeiusny is a *separate entity* from Pecron LLC. It is, but Amazon's admission that it did not know this fact confirms Amazon had no basis to assert in this action that Pecron LLC manufactured the Aeiusny generator. (Or, viewed another way, Amazon's Certification in this action is consistent with the assertion "that the manufacturer of the product referenced in American Family's Complaint—an Aeiusny 400W Solar Generator Portable Power Station—is Pecron LLC [which is a tradename for defunct Chinese manufacturer Aeiusny/Shenzhen Enyuda Technology Co. Ltd.]"—because, at the time it filed its Certification, Amazon, by its own admission, did not know whether Pecron LLC was a tradename for Aeiusny/Shenzhen Enyuda Technology Co. Ltd.) Amazon's lack of a

factual basis for representing that Pecron LLC manufactured the Aeiusny generator, therefore, need not be inferred from Amazon's lack of diligence, as would be typical— Amazon has conceded it.

### C.   Amazon's attempt to qualify its certification as made only "[u]pon present information and belief" only highlights Amazon's lack of basis for making this assertion.

Nor may Amazon excuse its failure to conduct a reasonable inquiry by contending the false Certification was made only "[u]pon present information and belief" because "[t]here is no 'information and belief' exception to Rule 11." *Key Enters., LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 U.S. Dist. LEXIS 11693, at *5 (D. Minn. Jan. 29, 2013). "'Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, make claims, or present defenses without any factual basis or justification.'" *Hall v. Hormel Foods Corp.*, No. 8:98CV304, 2000 U.S. Dist. LEXIS 22934, at *19 (D. Neb. July 10, 2000) (quoting 1993 Advisory Committee Notes to FED. R. CIV. P. 11).

This is precisely what Amazon did—it made an assertion, without basis, that resulted in the joinder of Pecron LLC as a defendant—joinder that should not have occurred unless and until Amazon had sufficient information to correctly identify the manufacturer, as required by MINN. STAT. § 544.41. As the decisions above explain, it is does not avail Amazon, much less permit Amazon to avoid its obligation to conduct a

reasonable inquiry, that Amazon made its false certification "[u]pon present information

and belief." The inclusion of this language only underscores Amazon's lack of basis.

> **D.** **The legal defects infecting Amazon's Certification mirror Amazon's failure to conduct a reasonable inquiry into the factual content of this document.**

Moreover, though it is not an independent Rule 11 violation, Amazon's failure to

comply with the procedure of MINN. STAT. § 544.41, which required Amazon to make its

Certification under oath, provides additional support for Pecron LLC's Rule 11 Motion.

Neither the Certification nor the accompany Crowder Declaration were made under oath.

In the numerous declarations Mr. Crowder has submitted in this action, including

those referenced in the "facts" section, above, Mr. Crowder consistently swears to their

contents under oath, the only exception being the "Declaration" he submitted in

purported support of Amazon's Certification. This renders the "Declaration" defective as

a matter of law. *See* MINN. STAT. § 544.41, subd. 1 (requiring that "[i]n any product

liability action based in whole or in part on strict liability in tort commenced or

maintained against a defendant other than the manufacturer, that party shall upon

answering or otherwise pleading *file an affidavit* certifying the correct identity of the

manufacturer of the product allegedly causing injury, death or damage") (emphasis

added); MINN. GEN. R. PRAC. 15 ("affidavit" means "(a) a document that has been

signed, sworn, and notarized; and (b) a document that has been signed under penalty of

perjury pursuant to Minnesota Statutes, section 358.116, provided that the signature is

affixed immediately below a declaration using substantially the following language: 'I

declare under penalty of perjury that everything I have stated in this document is true and

correct.' In addition to the signature, the date of signing and the county and state where the document was signed shall be noted on the document."); *Plunkett v. Plunkett*, Nos. A09-1218, A09-1228, 2010 Minn. App. Unpub. LEXIS 804, at *8 (Minn. Ct. App. Aug. 17, 2010) (holding that unsworn affidavit was invalid and of no legal effect). Moreover, although Mr. Crowder states in his "Declaration," "I have knowledge of the facts set forth herein" (Feb. 28, 2022 Crowder Decl., Dkt. No. 29-1, ¶ 2), it is well-established that a declaration made on "information and belief is insufficient" to satisfy the personal-knowledge requirement. *See Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1367 (8th Cir. 1983).

Amazon's "Certification of Product Manufacturer" and accompanying "Declaration," therefore, could not have served to trigger the MINN. STAT. § 544.41 dismissal process because "[w]hile substantial compliance may suffice when statutory language is unclear, it does not suffice when a statute identifies an unambiguous prerequisite to an action." *State Farm Fire & Cas. Co. v. Homewerks Worldwide, LLC*, No. A16-1925, 2017 Minn. App. Unpub. LEXIS 673, at *8 (Minn. Ct. App. Aug. 14, 2017) (holding that where party failed to file affidavit identifying manufacturer, party had no basis for obtaining dismissal under MINN. STAT. § 544.41).

If this error by Amazon was unintentional, it is further indication of the lack of diligence by Amazon in making the purported Certification—Amazon ignored a fundamental statutory requirement, rendering its Certification legally ineffective, just as it ignored its obligation to conduct a reasonable inquiry about the factual content of the Certification. Alternatively, if Amazon's error was intentional, it further underscores

Amazon's lack of basis—Amazon refused to attest to it under oath despite the statutory requirement that it do so. Either way, this is further support for Pecron LLC's Rule 11 Motion.

## II. Amazon committed an additional Rule 11 violation by failing to investigate the facts that it asserted "[u]pon present information and belief," and by ignoring information that confirmed the falsity.

When a party makes contentions on the basis of "information and belief," "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under [Rule 11] not to persist with that contention." *Franklin*, 289 F.R.D. at 285–86 (internal quotation marks and citation omitted). Even if an attorney has a basis to make a representation to the Court in the first instance—and Amazon's counsel had no basis here—persistence in making (and not retracting) the representation is sanctionable if the attorney fails to uncover facts supporting the representation. *See Deretich v. St. Francis*, 650 F. Supp. 645, 648 (D. Minn. 1986) (sanctioning attorney who "persisted in these proceedings despite the absence of any supportive facts").

Moreover, "[t]he notes to Rule 11 make clear that 'a litigant's obligations with respect to the contents of these papers [filed with a court] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.'" *Brown v. Ameriprise Fin. Servs., Inc.*, No. 09-2413 (RHK/FLN), 2011 U.S. Dist. LEXIS, at *4–5 (D. Minn. Aug. 3, 2011) (citing 1993 amendment notes to FED. R. CIV. P. 11); *see also Hanson v. Loparex, Inc.*, No. 09-1070

26

(SRN/FLN), 2011 U.S. Dist. LEXIS 91190, at *16–17 (D. Minn. Aug. 15, 2011)

(granting Rule 11 sanctions against counsel because "counsel repeatedly represented that

it made the claim in good faith and with evidentiary support, only for it to become clear

in the end that, quite to the contrary, [party represented by counsel] never had any

evidence to support the claim" yet nevertheless pursued it).

Here, after Amazon filed its Certification on the purported basis of "present

information and belief" without performing the reasonable inquiry required by Rule 11,

Amazon committed an additional Rule 11 violation by burying its head in the sand rather

than seeking discovery, or reviewing documents available to it, that should have led

Amazon to retract its representations. *See Gordon v. United Med. Recovery, LLC*, No.

3:19-CV-259 HTW-LGI, 2021 U.S. Dist. LEXIS 141578, at *19 (S.D. Miss. July 29,

2021) ("Once counsel became aware that their lawsuit was without merit, they were

under an obligation to take such action as was necessary to avoid accumulation of

additional costs and fees to Defendant. They could not simply bury their heads in the

sand, ignore the facts, and attempt to withdraw as counsel."). Amazon could have served

discovery requests on Pecron LLC to the extent Amazon desired to learn whether Pecron

LLC manufactures products—at all. Amazon did not do this. Amazon could have

analyzed the "purchase agreements" provided by Aeiusny that establish Pecron LLC was

not in contractual privity with either of the Chinese companies that are parties to those

agreements. If Amazon did this, it inexplicably failed to take appropriate action in light of

this information. Finally, if Amazon sought an explanation as to why Pecron LLC is not a

party to the "purchase agreements," at the very least, Amazon could have consulted the

27

Declaration of Pecron LLC's member, Weixin Shi, as this states why Pecron LLC is not a party to those agreements—it is not a manufacturer. (Mar. 3, 2023 Shi Decl. ¶ 3.)

### III.   In withdrawing its "Certification of Product Manufacturer," Amazon made additional factual misstatements—also in violation of Rule 11.

Rule 11 sanctions are particularly appropriate where an attorney has been put on notice that he or she has made a false representation and then he or she simply reiterates it—as though the representation could somehow acquire a basis through repetition. *See, e.g.*, *Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP, 2019 U.S. Dist. LEXIS 34735, at *38–42, 48–49 (S.D. Ind. Mar. 5, 2019) (sanctioning attorney under Rule 11 after attorney submitted false sworn statements to Court and failed to correct false statements when he attempted to do so); *Disability Support Alliance v. CCRE, LLC*, No. 15-3713 (MJD/DTS), 2017 U.S. Dist. LEXIS 56159, at *15-16 (D. Minn. Apr. 11, 2017) (imposing Rule 11 sanctions on attorney who persisted in making, and refused to withdraw, public allegations that lacked evidentiary support and were not the product of a reasonable pre-filing inquiry).

Attempting to avoid the consequences of its false Certification, while at the same time ensuring Pecron LLC would remain saddled with the damaging effects of it, Amazon purported to withdraw the false statement with a document that restated it. Specifically, Amazon contended in its Notice of Withdrawal: "Given the representations by Aeiusny's counsel; the documentation of Aeiusny's contractual relationship with Shenzhen Pecron with references to Pecron LLC; and the exemplar generator's 'Pecron' branding, Amazon certified in good faith that Pecron LLC was the manufacturer of the

product at issue in this litigation." (Mar. 20, 2023 Not. of Withdr., Dkt. No. 71, at 4–5.) As explained above, however, the "representations by Aeiusny's counsel" were no basis for Amazon's certification. The "documentation of Aeiusny's contractual relationship with Shenzhen Pecron with references to Pecron LLC" is likewise no basis. There are no "references" in these contracts to Pecron LLC. Even if there were, however, mere "references" to an American company by a Chinese company are no basis for claims against the American company (and it is notable that Amazon, for the first time with this Notice of Withdrawal, finally conceded Pecron LLC does not have a contractual relationship with Aeiusny).

Finally, "'Pecron' branding," by itself, does not permit Amazon to sue any Pecron entity without first conducting the inquiry required by Rule 11. Claims are appropriately dismissed when they are brought against the wrong entity—even if this entity shares a name, shares branding, or has a relationship with the intended defendant.[2] *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co*., No. 1:15-cv-1314, 2017 U.S. Dist. LEXIS 220757, at *6 (W.D. Mich. Feb. 9, 2017) ("'National General Insurance' was merely a brand name that was listed on the policy and correspondence, which disclosed

---

[2]    Pecron LLC is not implying that Shenzhen Pecron Technology Co., Ltd. manufactured the Aeiusny generator. Rather, Pecron LLC is explaining that Shenzhen Pecron Technology Co., Ltd.—and not Pecron LLC—manufactures Pecron-branded products. Accordingly, if Amazon or American Family intended to investigate whether suit was appropriate against a manufacturer within the Pecron family of entities, Shenzhen Pecron Technology Co., Ltd. would be the correct entity from which to seek this information. Indeed, Amazon's Notice of Withdrawal concedes this point by acknowledging that Shenzhen Pecron Technology Co., Ltd.—and not Pecron LLC—was in contractual privity with Aeiusny.

that the principal, or underwriter, on the relevant policy was MIC. To the extent State

Farm argues that the principal was hidden, it was hidden in plain sight. . . . NGIC,

although a sister subsidiary, is not liable for the policy at issue in this case, and therefore

is entitled to dismissal."); *Waldo v. Energizer Holdings, Inc.*, No. CV410-304, 2011 U.S.

Dist. LEXIS 49178, at *2–3 (S.D. Ga. May 9, 2011) (recommending granting motion to

dismiss complaint directed at "a distinct subsidiary" that shared a common brand with the

correct defendant), *adopted by* 2011 U.S. Dist. LEXIS 57235 (S.D. Ga. May 27, 2011);

*Kern v. Oesterreichische Elektrizitaetswirtschaft Ag*, 178 F. Supp. 2d 367, 379 (S.D.N.Y.

2001) (granting motion to dismiss; concluding that "plaintiffs have offered nothing to

show that OE AG [the entity sued] acted as the alter ego of any of its subsidiaries").

Compounding this issue, and the harm to Pecron LLC, subsequent to filing its

Notice of Withdrawal, Amazon continued to state in public filings (now without

mentioning that the Certification was equivocal) that Amazon had certified Pecron LLC

as the correct manufacturer of the Aeiusny generator. (*See, e.g.*, Mar. 24, 2023 Mem. of

Law in Supp. of Joint Mot. to Dismiss, Dkt. No. 76, at 2 ("First came Amazon's

certification of Pecron as the manufacturer of the product involved in this lawsuit, over a

year ago.").)

*Temple v. WISAP USA*, 152 F.R.D. 591 (D. Neb. 1993), is particularly instructive

on this point. There, an attorney sued the wrong defendant, inaccurately alleging it was

the manufacturer of a medical device in a products-liability action. 152 F.R.D. at 597.

The court imposed Rule 11 sanctions on the attorney, in part as a result of the attorney's

refusal to veer from the course he had taken even after his investigation of the facts

turned up no evidence that the defendant he had sued was the manufacturer:

> [Attorney] apparently still harbored the belief that Olympus Corporation of
> America was somehow responsible for the corporation which actually sold
> the offending device because of the similarity in the addresses of Olympus
> Corporation and Olympus Corporation of America. However, [attorney] did
> nothing to try to confirm the existence of some type of corporate relationship
> between Olympus Corporation of America and the other Olympus
> corporations sufficient to justify proceeding against the defendant.

*Id.* at 605. This approach of sue first, fail to ask questions later, and then fail to credit

evidence contradicting a conclusion that the court concluded was sanctionable in *Temple*

is analogous to Amazon's approach in this action.

It is also apparent that the above-described assertion in Amazon's Notice of

Withdrawal was made for an improper purpose. If, as Amazon argues, the Certification

(which, as explained above, was legally defective from the start) no longer had any

relevance to any claims or defenses, Amazon could—and should—have simply

withdrawn it without comment. As Pecron LLC made clear in its conferral attempts, a

plain-stated withdrawal, such as what Amazon filed when withdrawing its Motion for

Judgment on the Pleadings, would have avoided this Rule 11 motion, given that Rule 11

allows a party and its counsel to avoid sanctions where they withdraw the unsupported

representations. It also would have allowed the parties to stipulate to Amazon's dismissal

without any motion practice. Instead, Amazon repeated in its Notice of Withdrawal the

harmful allegations it made in the withdrawn document and has reasserted the content of

the Certification in other, subsequent filings with the Court. Amazon's reassertion of

these contentions—contentions that are irrelevant to any claim or defense—cannot,

therefore, be done for any proper purpose related to this action. Given Amazon's post-certification indemnification demands against Pecron LLC in five other actions, it is likely that Amazon's purpose in maintaining it had a basis for certifying Pecron as the manufacturer of the Aeiusny generator despite withdrawing the Certification was to avoid stripping these indemnification demands of their "basis."

## IV.   The Court should issue an appropriate sanction.

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). Here, Pecron LLC respectfully requests that the Court order Amazon to file a Notice in this action stating: "Amazon.com, Inc. acknowledges that Pecron LLC has provided to the parties in this action (No. 21-cv-01749-KMM-TNL) information and documents demonstrating that Pecron LLC is not the manufacturer of the generator at issue in this action." On April 17, 2023, to confer in advance of filing this motion, counsel for Pecron LLC requested that Amazon agree to filing such a statement to obviate the need to bring this motion (or seek any attorneys' fees or costs). Pecron LLC's counsel requested that, alternatively, if Amazon would not agree to this resolution, "either party come forward with any actual evidence that Pecron LLC is the correct defendant rather than the companies identified in the contracts that Amazon has asserted identify the manufacturer(s).". (May 12, 2023 Ellingson Decl. Ex. 8 at 2–3.) Neither party responded to this request.

Pecron LLC also respectfully requests that Amazon and/or its counsel be ordered to pay the attorneys' fees and costs Pecron LLC incurred in bringing this motion. Pecron

LLC seeks this limited monetary relief, rather than payment of all costs and fees incurred in this action, even though Rule 11 contemplates, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4).

## **CONCLUSION**

For the foregoing reasons, Pecron LLC respectfully requests that its Motion for Rule 11 Sanctions be granted.

Dated: May 12, 2023                                      **THOM ELLINGSON, PLLP**

*/s/ Samantha J. Ellingson*
Samantha J. Ellingson (0397448)
Aaron R. Thom (#0392646)
sellingson@thomellingson.com
athom@thomellingson.com
Thom Ellingson, PLLP
825 Nicollet Mall, Suite 950
Minneapolis, MN 55402
Phone: (612) 286-0505
Fax: (612) 601-8955

**CAUSEY & YE LAW, P.L.L.C.**

Jonathan M. Causey (0401632)
Jon@CauseyYeLawGroup.com
161 Saint Anthony Avenue Suite 1008,
Saint Paul, MN 55103
Phone: (612) 990-8592
Fax: 515-214-1434

***Attorneys for Defendant Pecron LLC***

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 12, 2023, I electronically served the foregoing document on counsel for the parties through the ECF e-filing system:

David J. Yarosh
Teirney S. Christenson
Andrew J. Crowder
Mary S. Young
Emily A. Ambrose

dyarosh@yostbaill.com
tchristenson@yostbaill.com
andy.crowder@nortonrosefulbright.com
mary.young@nortonrosefulbright.com
emily.ambrose@nortonrosefulbright.com

*/s/ Samantha J. Ellingson*
Samantha J. Ellingson
