UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Family Mutual Insurance Company, S.I., *as subrogee of Corey Nihart and Katie Nihart*, <br><br>    Plaintiff,<br><br>v.<br><br>Pecron, LLC,<br><br>    Defendant. | No. 21-cv-1749 (KMM/DJF)<br><br>**ORDER ON PECRON LLC'S MOTION FOR SANCTIONS AGAINST AMAZON.COM INC.** |

This matter is before the Court on Pecron, LLC's Amended Motion for Rule 11 Sanctions [Dkt. 87] against Amazon.com, Inc.[1] Also before the Court is Amazon's request that Pecron be required to pay to the Court Amazon's costs and fees incurred in responding to Pecron's motion. For the reasons that follow, Pecron's motion for sanctions is denied. Amazon's request for fee-shifting is denied.

## BACKGROUND

This case arises out of a fire that damaged the home of Corey and Katie Nihart, who had an insurance policy with Plaintiff American Family Mutual Insurance Company. American Family paid the Niharts' insurance claim and then filed this subrogation action against Amazon. Originally, American Family alleged that the fire was caused by a

---

[1] On May 15, 2015, the Court entered an Order dismissing Amazon from this suit based on a stipulation between Amazon and Plaintiff American Family Insurance Company, S.I. Pecron at first objected to the dismissal of Amazon until it had an opportunity to file its Rule 11 motion. However, once its Rule 11 motion was submitted, Pecron agreed that Amazon could be dismissed from the case. [Dkt. 93 at 6.]

1

defective "Aeiusny" battery pack (hereafter "the generator") that the Niharts purchased from Amazon's online store. In response, Amazon asserted that Aeiusny sold the generator; denied that Amazon manufactured, sold, recommended, distributed or promoted the generator; and argued that Amazon could not be held liable for its role as an online publisher of third-party content under the Communications Decency Act, 47 U.S.C. § 230.

Because Amazon did not manufacture the generator, under Minnesota law it was required to "file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage." Minn. Stat. § 544.41, subd. 1. On February 28, 2022, Amazon filed a Certification of Product Manufacturer (hereafter "the Certification") along with a declaration of Amazon's counsel, which stated that based "upon present information and belief" the generator was manufactured by Pecron LLC, a Minnesota limited liability company. [Dkt. 29.] Consequently, American Family filed its Amended Complaint on March 8, 2022, reasserting a strict-liability claim against Amazon, and both strict-liability and negligence claims against Pecron.

Pecron filed its Answer to the Amended Complaint on July 28, 2022, denying that it manufactured the generator. [Dkt. 56 ¶ 8.] As the litigation progressed, Pecron insisted that neither Amazon nor American Family had established that it had manufactured or sold the generator. Eventually, Amazon and American Family reached a settlement resolving American Family's claims against Amazon. Because Pecron and Amazon had no claims between them, American Family and Amazon filed a joint motion to dismiss Amazon from the litigation. [Dkt. 74.] Shortly before that joint motion was filed, on

March 20, 2023, Amazon filed a Notice of Withdrawal of Certification of Product Manufacturer (hereafter "the Withdrawal"). [Dkt. 71.] Amazon filed the Withdrawal because Pecron would not agree to Amazon's immediate dismissal from the suit without it. [Dkt. 72 ¶ 7.] However, in the Withdrawal, Amazon explained the factual basis for filing the Certification because it anticipated that Pecron would claim that the Withdrawal constituted an admission that the Certification had not originally been filed in good faith. [Dkt. 99 at 9–10 n.4.]

Amazon explained that in January of 2022, Aeiusny's counsel informed Amazon that Pecron LLC was the manufacturer and supplier of the generator. Aeiusny's counsel also provided Amazon with documents showing that it had a contractual relationship for supply of the generators with Shenzhen Pecron Technology Co., Ltd., a supplier that was registered as Pecron LLC for purposes of sales on Amazon's website. Amazon also had inspected an exemplar of the Aeiusny generator, and in the interior, found Pecron's branding on a computer chip and on the generator's structural components. Based on this information, Amazon reiterated that it had certified, in good faith, that Pecron manufactured the generator, leading to American Family's amendment of the pleadings to add Pecron as a defendant. [Dkt. 71; Dkt. 72, Exs. A–C.]

Pecron now seeks sanctions from Amazon and its counsel for the filing of the Certification, the Withdrawal, and other conduct. Pecron contends that Amazon and its counsel did not have a good faith basis to certify Pecron as the manufacturer in the first instance, failed to correct their misrepresentations about Pecron's alleged manufacture of the generator in a timely manner, and otherwise persisted in claiming Pecron

3

manufactured the generator for improper purposes. As discussed below, the Court is not persuaded that sanctions are appropriate.

## DISCUSSION

"The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct...." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (quotation and bracket omitted). Relevant here, sanctions may be imposed under Rule 11 "when a pleading, written motion or other paper . . . is submitted to the court for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; or ... if the allegations contained therein lack evidentiary support." *R&A Small Engine, Inc. v. Midwest Stihl, Inc.*, 471 F. Supp. 2d 977, 978–79 (D. Minn. 2007) (citing Fed. R. Civ. P. 11(b) and *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006)) (cleaned up). Before signing a document filed with the Court, Rule 11 requires counsel "to conduct a reasonable inquiry into the factual and legal basis for a claim." *Id.* at 979 (citing *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003)); *Igbanugo v. Minn. Office of Lawyers Prof. Resp.*, 56 F.4th 561, 567 (8th Cir. 2022) (same).[2]

> To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the [party's] allegations, as

---

[2] Rule 11 has a safe harbor provision requiring a litigant seeking sanctions to make the motion "separately from any other motion," serve it on the allegedly sanctionable person prior to filing, and allow 21 days after service for the withdrawal or correction of the improper filing, before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). There is no dispute here that Pecron served a Rule 11 motion on Amazon more than 21 days before filing the motion with the Court, although the Court notes that Amazon argues that Pecron raises one argument in its supporting memorandum that was not presented in the motion that Pecron served 21 days prior to filing its sanctions motions. Because the Court finds that Pecron has demonstrated no sanctionable conduct by Amazon, it does not address this procedural issue.

4

> well as a legal basis. Whether the attorney's inquiry is reasonable may depend on factors such as whether counsel had to rely on a client for factual information, or whether the attorney depended on forwarding counsel or another member of the bar. The District Court must determine whether a reasonable and competent attorney would believe in the merit of an argument.

*Coonts*, 903 F.3d at 747.

Pecron claims that Amazon and its counsel have violated Rule 11 of the Federal Rules of Civil Procedure in four ways. [Dkt. 87.] First, Pecron contends that in filing the Certification, Amazon did not rely on any information that supported the assertion that Pecron was the manufacturer of the generator. [*Id.* ¶¶ 7–11.] Second, Pecron asserts that after Amazon obtained evidence showing that Pecron did not manufacturer the generator, Amazon continued to represent that it had a factual basis for certifying that Pecron was the manufacturer. [*Id.* ¶¶ 12–30.] Third, when Amazon filed its withdrawal of the Certification, it continued to assert falsely that Amazon had a basis for representing that Pecron was the manufacturer. [*Id.* ¶¶ 31–38.] Fourth, when Amazon filed its memorandum of law in support of the joint motion to dismiss Amazon from the suit, Amazon again asserted that it had a basis for representing that Pecron was the manufacturer of the generator, and it refused to correct that misrepresentation. [*Id.* ¶¶ 39–43.] Finally, Pecron contends that Amazon's counsel is equally subject to sanctions under Rule 11. [*Id.* ¶¶ 44–45.]

Having reviewed the entire record in this proceeding and carefully considered the parties' arguments, the Court finds that neither Amazon nor its counsel violated Rule 11. "The imposition of sanctions is a serious matter and should be approached with

5

circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). At bottom, what Pecron insists is sanctionable misconduct can best be described as a straightforward disagreement between advocates who are, at least with respect to one issue, representing clients with different interests. It is one thing to zealously challenge the legal sufficiency of an opponent's evidence that is marshaled in support of a fact material to one's client's liability. It is another thing altogether to say that one's opponent or the opponent's attorney who has sought to establish that fact acted unreasonably or for an improper purpose. Pecron's sanctions motions has failed to demonstrate the latter, and sanctions under Rule 11 are unwarranted.

Most importantly, although Pecron insists that it is not the generator's manufacturer, manufactures no products, has nothing to do with this case, and should never have been included in this suit, it has not shown that Amazon or its attorneys acted unreasonably in in filing the Certification, refusing to withdraw the Certification sooner, or in stating that they had a reasonable basis to file the Certification when they later submitted the Withdrawal and the memorandum in support of the joint motion to dismiss. The record demonstrates that the information available to Amazon, both at the time it filed the Certification and after, provided an objectively reasonable basis for believing that Pecron was the manufacturer of the machine.

Pecron suggests that the information Amazon relied on in filing the Certification was insufficient, but "[a] party need not carry an investigation to the point of absolute certainty" to satisfy its Rule 11 obligations. *Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd.*, Civil Action Nos. 12-cv-11935-PBS, 12-cv-12326-PBS, 12-cv-12330-PBS, 2014

6

WL 12792494, at *3 (D. Mass. Mar. 7, 2014) (quotation marks omitted). Where a party denies being responsible for manufacturing a product, another litigant is "not required to take its word." *Id.* (denying defendant's motion for Rule 11 sanctions where patentee had "some support for its claims" and "some evidence that [defendant] in fact may have manufactured or sold the accused products"). The record here amply supports that when Amazon filed the Certification, the Withdrawal, and the memorandum in support of the joint motion to dismiss, it had support that would allow a reasonable and competent attorney to believe in the merits of the assertion that Pecron manufactured the generator.[3] [Dkt. 71; Dkt. 72 & Exs. A–C; Dkt. 100 & Exs. 1–8.] Indeed, whether Pecron manufactured the generator in question remains a hotly disputed point of fact between the remaining parties to this litigation, as evidenced by the recent summary judgment record and briefing.

In addition, there are at least two other problems with Pecron's requests for sanctions based on Amazon's filing of the Certification. First, the Certification has been withdrawn, and Rule 11 prohibits filing a motion for sanctions based on a retracted submission. Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn...."); *see Gordon v. Unifund CCR Partners*, 345 F.3d

---

[3] Indeed, Pecron's showing that Amazon lacked a reasonable basis for filing the Certification is based, in part, on a Declaration from Pecron's principal that was not served on Amazon until more than a year after the Certification had been filed. [Dkt. 100 ¶¶ 44–45 & Ex. 6.] Under these circumstances, Pecron's reliance on *Temple v. WISAP USA*, 152 F.R.D. 591 (D. Neb. 1993), is particularly inapt.

1028, 1029 (8th Cir. 2003) (citing Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments)).

Second, Pecron waited more than a year after Amazon filed the Certification to seek sanctions for its alleged unreasonable representation that Pecron manufactured the generator. *See Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 413 (S.D.N.Y. 2003) ("Parties that initially remain idle after a Rule 11 violation has come to their attention risk the denial of their subsequent Rule 11 motion on the basis of unreasonable delay."). This delay cuts against Pecron's request for sanctions because Pecron supports its motion with a recent declaration from its sole owner denying that the company manufactures any goods. But Pecron could have provided that declaration to Amazon much sooner. Moreover, numerous facts including Pecron LLC's own website, suggest that it is, in fact, a manufacturer. [Dkt. 100 ¶¶ 20, 46.]

The Court will not engage in further lengthy discussion of each point raised in Pecron's sanctions motion. However, to be clear, the Court finds that Pecron has similarly failed to demonstrate that Amazon or its counsel engaged in any sanctionable conduct by asserting, in both the Withdrawal and in the joint memorandum of law in support of the motion to dismiss, that Amazon had a good faith basis for filing the Certification. This is not meant to suggest that the Court has made any determination as to the merits of Pecron's pending summary-judgment motion against American Family. Indeed, it is more likely that the better vehicle for testing Pecron's overarching theme— that American Family, like Amazon before it, lacks sufficient evidence to prove that Pecron can be held liable under Minnesota products-liability law—is through a motion

8

for summary judgment. *Douglas v. TD Bank USA*, No. 3:20-CV-00395-JR, 2021 WL 5861558, at *3 (D. Or. Aug. 11, 2021) (denying a motion for Rule 11 sanctions because it was really a motion for summary judgment "posing as a Rule 11 motion"), *report and recommendation adopted sub nom. Douglas v. TD Bank USA, Nat'l Ass'n*, No. 3:20-CV-395-JR, 2021 WL 4524155 (D. Or. Oct. 4, 2021).

Finally, with respect to Amazon's request that Pecron be required to pay into the Court Amazon's attorney's fees and expenses incurred in responding to Pecron's sanctions motion, Rule 11(c)(2)'s "prevailing party" fee-shifting provision is discretionary. *Uptime Sys., LLC v. Kennard L., P.C.*, No. 20-CV-1597 (JRT/ECW), 2021 WL 7287307, at *33 (D. Minn. June 16, 2021) (stating that "while Rule 11 provides for awarding the prevailing party reasonable fees and costs, the award is permissive" and emphasizing the Rule's use of "may"), *report and recommendation adopted*, No. CV 20-1597 (JRT/ECW), 2021 WL 3513810 (D. Minn. Aug. 10, 2021). Here, the Court finds that ordering such fees is unnecessary to achieve the Rule's purposes. Although the Court has declined to shift fees, Pecron's motion troublingly pushes the limits of zealous advocacy by unnecessarily transforming a factual dispute into allegations of unethical behavior. Seeking sanctions against an opposing party or its counsel is very strong medicine, and it should be treated with greater care than was shown in this case.

## ORDER

For the reasons discussed above, Pecron, LLC's Amended Motion for Rule 11 Sanctions [Dkt. 87] against Amazon.com, Inc. is **DENIED** and Amazon.com, Inc.'s request for fees is **DENIED**.

Date: October 2, 2023   *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge